# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00253-CV

**PKWF GP, LLC, Appellant**

**v.**

**Aqua Land Lakeway Medical Development, LLC, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-13-004262, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Aqua Land Lakeway Medical Development, LLC filed a motion to dismiss this appeal for lack of jurisdiction, arguing that the notice of appeal filed by PKWF GP, LLC is untimely. *See* Tex. R. App. P. 26.1. For the reasons that follow, we will grant the motion.

After the time for filing a notice of appeal and seeking an extension of time to file the notice of appeal have expired, a party cannot invoke an appellate court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *see also* Tex. R. App. P. 25.1(b) (filing of notice of appeal invokes appellate court's jurisdiction over parties). Here, PKWF filed a notice of appeal on April 23, 2014, challenging a December 4, 2013 default judgment taken against it by Aqua Land in the underlying suit naming multiple defendants. The default judgment against PKWF became final when the trial court signed an order of severance on December 20, 2013. That day, PKWF filed a motion for new trial in the original cause rather than the severed cause. PKWF set a hearing on its motion, the trial court held a hearing, and the motion was denied by operation of law on

March 6, 2014. *See* Tex. R. Civ. P. 329b(c) (motion for new trial overruled by operation of law if not determined by written order within seventy-five days after judgment is signed).

The timely filing of a motion for new trial extends the appellate timetable by 90 days. *See* Tex. R. App. P. 26.1(a) (certain postjudgment motions extend time for filing notice of appeal). However, even if PKWF relied on its filing of the motion for new trial in the original cause to extend the deadline for filing its notice of appeal, the notice of appeal would have been due on March 20, 2014, ninety days after the signing of the December 20, 2013 severance order. *See id*. PKWF might have obtained an extension of time for filing its notice of appeal until April 4, 2014, but that time has also expired. *See* Tex. R. App. P. 26.3 (notice-of-appeal deadline may be extended if, within fifteen days after deadline, appellant files notice of appeal in trial court and files proper motion for extension of time in appellate court). PKWF's notice of appeal was not filed until April 23, 2014. On May 6, 2014, we requested that PKWF file a response to Aqua Land's motion by May 16, 2014. *See* Tex. R. App. P. 42.3(a). PKWF did not file any response.

Because PKWF's April 23, 2014 notice of appeal from the December 20, 2013 order finalizing the default judgment is untimely, we lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1(b), 26.1; *Verburgt*, 959 S.W.2d at 617. We grant Aqua Land's motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

---

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed on Appellee's Motion

Filed: May 30, 2014

2